UNITED AUTO WORKERS, LOCAL 6888 v CENTRAL MICHIGAN
UNIVERSITY

Docket No. 177477. Submitted November 16, 1995, at Grand Rapids.
Decided June 7, 1996, at 9:20 A.M. Leave to appeal denied, 453 Mich.
883.

The United Auto Workers, Local 6888 filed an unfair labor practice
charge in the Michigan Employment Relations Commission against
Central Michigan University, claiming that the university's refusal
to continue to pay elected union representatives for time spent
engaged in union activities in accordance with the provisions of an
expired contract constituted a unilateral change of a mandatory
subject of bargaining that survived the contract. A hearing referee
ruled against the union; however, the commission overruled the
referee and found that continuing the compensation of union repre-
sentatives engaged in union activities was a mandatory subject of
bargaining that had to be maintained during contract negotiations
occurring after the expiration of the union's contract with the uni-
versity. The university appealed.

The Court of Appeals *held*:

The commission's decision that the paying of the union repre-
sentatives for time that they were released for union activities had
a significant effect on wages or terms and conditions of employ-
ment and thus was a mandatory subject of bargaining that may not
be unilaterally terminated during contract negotiations is supported
by competent and material evidence and is not contrary to law.

Affirmed.

LABOR RELATIONS — MANDATORY SUBJECTS OF BARGAINING — UNION REPRESENT-
ATIVES — UNION ACTIVITIES — UNFAIR LABOR PRACTICES.

Compensation of union representatives for the time they are engaged
in union activities is a mandatory subject of bargaining; accord-
ingly, where an expired contract provided for such compensation,
the unilateral termination of such compensation by a public
employer during the negotiation of a successor contract is an
unfair labor practice (MCL 423.210[1][e]; MSA 17.455[10][1][e]).

*Pinsky, Smith, Fayette & Hulswit* (by *Michael L.
Fayette*), for the charging party.

*Butzel Long* (by *John P. Hancock, Jr.*, and *Maria T. Harshe*), for respondent.

Before: DOCTOROFF, C.J., and MICHAEL J. KELLY and MARKEY, JJ.

PER CURIAM. The United Auto Workers, Local 6888 (UAW) filed an unfair labor practice charge against Central Michigan University (CMU) on October 25, 1991. Following a hearing, a referee of the Michigan Employment Relations Commission recommended that the claim be dismissed. The UAW objected to the referee's recommended order. On July 11, 1994, the MERC board of review rejected the referee's recommendation and made a finding that the provision in the former contract requiring CMU to compensate elected union representatives while they engaged in union activities was a mandatory subject of bargaining that had to be maintained during contract negotiations occurring after the UAW terminated the underlying contract. CMU appeals the order of the MERC board of review as of right.

Before the hearing referee, the UAW argued that CMU refused to honor the terms of the contract with regard to employee leave. CMU denied the violation for the reason that the contract had expired. The MERC ruled that the payment of release time was a mandatory subject of bargaining and was an obligation that survived the termination of the contract. CMU claims error on appeal in the finding that "release time" is a mandatory bargaining subject that survived the contract. The UAW also claims that any obligation within the phrase "wages, hours, and other terms and conditions of employment" is a mandatory subject of bargaining.

The supplemental agreement of the parties to the 1988-91 contract, known as the 1989-90 supplemental agreement, provided that leave of absence pay would be granted to bargaining unit members attending union-related activities. The issue for this Court is the mandatory versus permissive status of the activities of members of a union bargaining unit once a contract ends. If the payment of wages to unit members is a mandatory requirement of bargaining, the obligation does not end with termination of the contract. On the other hand, if payment is a permissive item, the members of a union bargaining unit are not entitled to wages when the contract has ended.

A public employer is required to bargain in good faith with respect to wages, hours, and other terms and conditions of employment in a new contract. MCL 423.215; MSA 17.455(15); *Wayne Co Government Bar Ass'n v Wayne Co*, 169 Mich App 480, 485; 426 NW2d 750 (1988). These subjects are mandatory subjects of bargaining. *Local 1467, Int'l Ass'n of Fire Fighters v Portage*, 134 Mich App 466, 472; 352 NW2d 284 (1984). Absent an impasse, neither party may take unilateral action with respect to a mandatory subject of bargaining. *Central Michigan Univ Faculty Ass'n v Central Michigan Univ*, 404 Mich 268, 277; 273 NW2d 21 (1978); *Wayne Co Government Bar Ass'n, supra* at 486. An employer who unilaterally alters a mandatory subject of bargaining perpetrates an unfair labor practice. MCL 423.210(1)(e); MSA 17.455(10)(1)(e); *Int'l Ass'n of Fire Fighters, supra* at 473. Labor peace is fostered by not allowing unilateral action before impasse, in light of the ban against striking by public employees. MCL 423.202; MSA 17.455(2); *Wayne Co Government Bar Ass'n, supra* at 486. Provisions of

the contract relating to wages, hours, and other terms and conditions of employment are handled case by case.

This Court gives due deference to the expertise of the MERC. *Michigan Employment Relations Comm v Detroit Symphony Orchestra, Inc*, 393 Mich 116, 124; 223 NW2d 283 (1974); *West Ottawa Ed Ass'n v West Ottawa Public Schools Bd of Ed*, 126 Mich App 306, 313; 337 NW2d 533 (1983). However, MERC decisions contrary to law will be overturned. *Allied Chemical & Alkali Workers, Local No 1 v Pittsburgh Plate Glass Co*, 404 US 157; 92 S Ct 383; 30 L Ed 2d 341 (1971); *West Ottawa Ed Ass'n, supra* at 313.

The issue whether contractually provided union release time that compensates an elected union representative for time spent pursuing union activities is a mandatory bargaining subject constitutes an issue of first impression in this state. Because the controlling language of the Michigan statutory scheme is identical to federal law, compare MCL 423.215; MSA 17.455(15) with 29 USC 158(d), federal precedent acts as a persuasive authority in guiding this Court. *Local 1277, Metropolitan Council No 23 AFSCME v Center Line*, 414 Mich 642, 652; 327 NW2d 822 (1982). Michigan courts have adopted a liberal approach to a determination of the subjects that are classified as mandatory bargaining items in view of public employees being precluded from going on strike. *West Ottawa Ed Ass'n, supra* at 315; *Detroit Police Officers Ass'n v Detroit*, 61 Mich App 487, 491; 233 NW2d 49 (1975).

The federal courts have found that paying members of a collective bargaining unit is a mandatory subject of bargaining even when the employer offered to

negotiate during nonworking hours. The courts reasoned that such compensation benefited all members of the unit by encouraging the bargaining process and vitally affecting relationships between the members of the process. *Axelson, Inc v NLRB*, 599 F2d 91 (CA 5, 1979); accord *NLRB v BASF Wyandotte Corp*, 798 F2d 849, 852-853 (CA 5, 1986); *General Battery Int'l Corp v Union de Servicios Y Mantenimientos Industriales de PR*, 678 F Supp 33, 36 (D Puerto Rico, 1988). *Midstate Telephone Corp v NLRB*, 706 F2d 401, 405 (CA 2, 1983), cited *Axelson* in support of the conclusion that paying travel expenses of employee negotiators was a mandatory bargaining topic. See also *Procter & Gamble Mfg Co v NLRB*, 658 F2d 968, 977 (CA 4, 1981), where the unilateral change in the practice of paying employees for negotiating time was held to be an unfair labor practice.

The decision of the MERC board of review was supported by competent, material evidence and was not contrary to law. The MERC board of review's determination that the release-time policy had a significant effect upon either wages or the terms and conditions of employment was at least reasonable. See *Axelson, supra* at 94. Therefore, we must affirm the ruling of the MERC board of review. This conclusion is supported by persuasive federal authority. *BASF Wyandotte, supra* at 852-853; *Axelson, supra* at 93, 94. *Service Employees Int'l Union, Local 586 v Muskegon*, 1980 MERC Lab Op 849, cited by CMU, does not undermine this analysis, and neither the referee nor the board of review misinterpreted MERC precedent when each ruled that case inapplicable. In that opinion, the MERC expressly declined to rule concerning whether release time was a mandatory topic of bargaining.

Because CMU raised two additional novel arguments not raised before nor addressed by the MERC but has made no claim that there exists an extraordinary circumstance to excuse its failure to raise these issues below, this Court will not usurp the authority of the MERC by addressing these issues for the first time on appeal. *West Ottawa Ed Ass'n, supra* at 317.

The MERC did not rule contrary to law or to the substantial evidence on the record when it found that CMU's release-time program constituted a mandatory bargaining topic that CMU needed to maintain throughout contract negotiations.

Affirmed.